IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CT-3173-H

ROBERT S. CHAMBERLAIN, )
    Plaintiff, )
                                    )
  v. )
                                    )
SGT. SUGGS, ASST. UNIT )
MANAGER WATSON, LT. RAYNOR, )
LT. GRIFFIN, C/O HUNTER, C/O ) **ORDER**
WELCH, SGT. YOUNG, C/O )
CHRISTIAN, MR. HARRIS, )
TIMOTHY FINN, LORI FLORENCE, )
DR. ABDUL FOIZ M. HOSSAIN )
IMAM, and SHEMINSKI JONES, )
    Defendants. )

This matter is before the court on:

    1. Defendant Lori Florence's motion to dismiss, [D.E. #58];

    2. Defendants Timothy Finn and Dr. Abdul Foiz M. Hossain Imam's motion to dismiss [D.E. #69]; and

    3. Defendant Harris' motion for summary judgment, [D.E. #82].

Plaintiff has not filed a response, and the time for filing a response has expired. These matters are ripe for adjudication.

## BACKGROUND

Plaintiff complains of violations committed by defendants while he was formerly incarcerated as a pretrial detainee at Central Prison in Raleigh, North Carolina. In his amended

complaint, plaintiff alleges he suffered various injuries as a result of excessive force and deliberate indifference to his medical needs by defendants.

Specifically, plaintiff first alleges that on Wednesday, January 22, 2014, he had been seriously ill, with symptoms including pain, coughing up blood, loss of appetite, and urinating on himself. Plaintiff claims that, although he requested help, he did not receive medical attention from prison officials. On January 24, 2014, plaintiff was found unresponsive in his prison cell by defendants Jones and Suggs who placed plaintiff in handcuffs and dragged him to a different prison cell. Plaintiff asked defendant Raynor, who appeared while plaintiff was being transported, for assistance, but defendant Raynor refused.

When defendant Watson later found plaintiff in the new prison cell, he informed plaintiff that if he found any more blood on the floor of plaintiff's prison cell, he would have plaintiff "[expletive]-whipped." Defendants Hunter and Jones then provided new clothing to plaintiff and took photographs of him before plaintiff was later sent to UNC Hospital. Plaintiff remained at UNC Hospital for three days.

Second, plaintiff alleges that on February 24, 2014, defendant Hunter removed plaintiff to defendant Griffin's office. An argument followed, and defendant Griffin ordered

plaintiff to leave. After exiting into the hallway, defendant Hunter pushed plaintiff and slammed his head into a window. Defendant Griffin came out of his office and joined defendant Hunter in shoving and pushing plaintiff. Plaintiff was then transported to receive medical assistance for cuts suffered on his hands and wrists.

Later on February 24, 2014, plaintiff was removed from his prison cell to ostensibly meet defendants Fuller and Pulley who wanted to see him. After entering the hallway, however, defendant Welch grabbed plaintiff and exercised "extreme force" by slamming plaintiff's head into a control booth. Defendant Welch then "tortured" plaintiff by pulling a restrictive chain around his abdomen "so tight [he could] barely breathe" and closing handcuffs around his wrists so hard that plaintiff suffered "permanent scars." Defendant Griffin observed this encounter and did not intervene. Plaintiff, while still in the restraints, was placed in a "small cell cage" where he began vomiting blood. Plaintiff was then transported to UNC Hospital for medical treatment.

Third, plaintiff alleges that on April 5, 2014, defendants Young and Christian entered plaintiff's prison cell and found him "very sick" and "unresponsive." Plaintiff's blood was found on the wall and floor. Defendants Young and Christian then

3

placed plaintiff in a "choke hold" which caused plaintiff to vomit blood on them.

Finally, plaintiff alleges he was not only refused medical care for each of the incidents described <u>supra</u> but also for a tooth cavity and ongoing medical conditions such as hepatitis-C, liver cirrhosis, and arthritis. Specifically, plaintiff appeared for a dental exam before defendant Harris, a dentist at the prison facility, who opined that, although plaintiff could be treated for his gums and a tooth cavity, plaintiff would not be treated because he was a pretrial detainee.

Plaintiff added defendants Florence, Finn, and Imam in his amended complaint. But for plaintiff's conclusory claims that these defendants were deliberately indifferent to plaintiff's serious medical needs while they were medical personnel at the prison facility, plaintiff does not set forth specific facts in his complaint as to what these defendants knew or how they may have participated in the alleged constitutional violations. Plaintiff does, however, allege defendant Florence was the "lead/head nurse."

# COURT'S DISCUSSION

## I. Rule 12(b)(6) Motions to Dismiss by Defendants Florence, Finn, and Imam

### A. Standard of Review

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).

"[A] complaint need not make a case against a defendant or 'forecast evidence sufficient to prove an element' of the claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Rule 8 of the Federal Rules of Civil Procedure provides "for simplicity in pleading that intends to give little more than notice to the defendant of the plaintiff's claims and

5

that defers until after discovery any challenge to those claims insofar as they rely on facts." Teachers Retirement Sys. of LA v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007). A complaint is generally sufficient if its "'allegations are detailed and informative enough to enable the defendant to respond.'" Id. (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, 1215 at 193 (3d ed. 2004)). Thus, a complaint satisfies the Rules if it gives "fair notice" of the claim and "the grounds upon which it rests." Twombly, 127 S. Ct. at 1964.

B. Claims Against Defendants Florence, Finn, and Imam in Their Official Capacities

The Eleventh Amendment generally bars lawsuits by citizens against non-consenting states brought either in state or federal courts.[1] See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). Although Congress may abrogate the states' sovereign immunity, Seminole Tribe of Florida, 517 U.S. at 55, it has not chosen to do so for claims under 42 U.S.C. § 1983, see Quern v. Jordan, 440 U.S. 332, 343 (1979). North Carolina has not waived its sovereign immunity by consenting to be sued in federal court for

---

[1] Although the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of the constitution or federal law, retrospective relief, such as monetary damages which plaintiff requests in part in the instant case, is not allowed unless Congress abrogates the state's immunity or the state consents to suit in federal in court. Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004) (citations omitted).

6

claims brought under 42 U.S.C. § 1983. See generally Mary's House, Inc. v. North Carolina, 976 F.Supp.2d 691, 697 (M.D.N.C. 2013) (Claim under 42 U.S.C. § 1983 barred by sovereign immunity of North Carolina which had not been waived).

Furthermore, because a suit against a state official in his official capacity is not a suit against the official but rather a suit against the official's office, Brandon v. Holt, 469 U.S. 464, 471 (1985), any suit against a state official in his official capacity is construed as against the state itself. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). It is well settled that neither a state nor its officials acting in their official capacities are "persons" subject to suit under 42 U.S.C. § 1983. Id.; See Monell, 436 U.S. at 690 n. 55.

Inasmuch as plaintiff seeks to recover monetary damages from defendants Florence, Finn, and Imam due to harms they allegedly caused plaintiff while acting in their official capacities, this court construes such claims to be against the state and subject to dismissal. Therefore, plaintiff's claims for monetary damages against defendants Florence, Finn, and Imam in their official capacities are dismissed.

    C.    Deliberate Indifference Claims Against Defendants Florence, Finn, and Imam

Courts evaluate confinement conditions of pretrial detainees under the Due Process Clause of the Fourteenth

7

Amendment, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).[1] "Pretrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee[s'] rights to due process when they are deliberately indifferent to serious medical needs." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (internal quotation marks omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). "An officer is deliberately indifferent only when he 'knows of and disregards' the risk posed by the serious medical need . . . ." "Delay in medical care, without a showing of substantial harm, does not violate the Eighth Amendment." Smith v. Walker, 845 F.Supp.2d 673, 677 (W.D.N.C. 2012) (citing Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

In the instant case, plaintiff has failed to show defendants Florence, Finn, and Imam were deliberately indifferent to plaintiff's serious medical need. Even if

---

[1] As a practical matter, the analyses under the Due Process Clause and the Eighth Amendment are materially indistinguishable. Compare Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (using the deliberate indifference standard for a pretrial detainee pursuant to the Due Process Clause), with Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (using the deliberate indifference standard for a prison inmate pursuant to the Eighth Amendment).

8

plaintiff has alleged sufficient facts in his complaint to show he had a serious medical need, he fails to show a causal connection between any action or inaction of defendants Florence, Finn, and Imam and the alleged injury. In fact, plaintiff does not mention defendants Florence, Finn, and Imam in his amended complaint but for conclusory statements as to each claiming they were deliberately indifferent to his serious medical need. Consequently, plaintiff has not alleged facts to show that defendants Florence, Finn, and Imam knew of and disregarded a risk posed by plaintiff's alleged serious medical need. Therefore, plaintiff's Fourteenth Amendment Due Process claims against defendants Florence, Finn, and Imam in both their individual and official capacities are dismissed.

D. Supervisory Liability Claims

A claim based on the doctrine of respondeat superior cannot be the basis for a claim under 42 U.S.C. § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). Therefore, a supervising government actor may only be held liable if he personally violates the rights afforded to plaintiff by the Constitution or federal law. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). A plaintiff must show: (1) actual or constructive knowledge of a risk of constitutional injury; (2) deliberate indifference to that risk; and (3) "an 'affirmative causal link' between the supervisor's inaction and the

9

particular constitutional injury suffered by plaintiff." Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999) (citing Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)).

Inasmuch as plaintiff's claims against defendants Florence, Finn, and Imam can be construed as an attempt to allege supervisory liability, plaintiff's claims fail because, as set forth in Section I(C) supra, he does not allege these defendants knew of a risk of constitutional injury or were deliberately indifferent to any known risk. Defendants Florence, Finn, and Imam's motions to dismiss are, therefore, GRANTED.

## II. Summary Judgment Motion by Defendant Harris

### A. Standard of Review

Summary judgment is appropriate pursuant to Rule 56 of the Federal Rules of Civil Procedure when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for

10

trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Summary judgment is not a vehicle for the court to resolve disputed factual issues. Faircloth v. United States, 837 F.Supp. 123, 125 (E.D.N.C. 1993). Instead, a trial court reviewing a claim at the summary judgment stage should determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249.

In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. The evidence must also be such that a reasonable jury could return a verdict for the non-moving party. Id. at 248. Accordingly, the court must examine "both the materiality and the genuineness of the alleged fact issues" in ruling on this motion. Faircloth, 837 F.Supp. at 125.

B. Official Capacity Claim

The legal standard to which the court must refer when presented with an official capacity claim is set forth in Section I(B) supra and incorporated here for the court's review. Inasmuch as plaintiff seeks to recover monetary damages from defendant Harris due to harm he allegedly caused plaintiff while

11

acting in his official capacity, this court construes such a claim to be against the state and subject to dismissal. Therefore, plaintiff's claims for monetary damages against defendant Harris in his official capacity are dismissed.

### C. Deliberate Indifference Claim

The legal standard to which the court must refer when presented with a Fourteenth Amendment Due Process deliberate indifference claim is set forth in Section I(C) supra and incorporated here for the court's review.

Plaintiff has failed to come forward with specific facts showing why this court should not award summary judgment in favor of defendant Harris. After careful review of the record, the court finds no genuine issue of material fact exists and defendant Harris was not deliberately indifferent to plaintiff's alleged serious medical need. In his complaint, plaintiff admits defendant Harris conducted a dental examination and advised that, although he would not refuse treatment upon request from a paying patient, plaintiff's cavity was not severe enough to mandate treatment. In fact, according to plaintiff's complaint, defendant Harris advised plaintiff the cavity could remain for years in the same condition without requiring treatment. Finding plaintiff failed to produce evidence showing his cavity was sufficiently serious to mandate treatment or the need for treatment was otherwise easily recognizable even to a lay

12

person, plaintiff has failed to show his cavity amounted to a serious medical need.

Second, plaintiff complains of bleeding gums. Even if plaintiff suffered from bleeding gums as alleged in his complaint, however, this condition is also not a serious medical need. See, e.g., Wilson v. Coleman, No. 7:09-CV-00325, 2009 WL 3055268, at *6 (W.D. Va Sept. 24, 2009) (Holding no deliberate indifference existed where, in the opinion of a medical professional, prisoner did not require emergency dental care for bleeding gums).

Furthermore, defendant Harris has submitted uncontroverted, compelling evidence from which no reasonable jury could conclude that he was deliberately indifferent to plaintiff's alleged serious medical need. Plaintiff received an initial periodontal screening at the prison facility, the result of which shows plaintiff's oral hygiene, including gum condition, was fair. The medical professional noted the existence of a small area of decay on one of plaintiff's teeth but did not deem the decay significant enough to justify treatment. Protocol established by the North Carolina Department of Public Safety does not call for pretrial detainees to receive treatment for small, asymptomatic areas of decay such as the one found on plaintiff's tooth.

Defendant Harris provided appropriate and timely dental examinations and evaluations to plaintiff on three occasions

13

while he was being housed at the prison facility over a four-month period.[2] During each of defendant Harris' examinations of plaintiff, Harris did not clinically observe evidence of bleeding gums. Despite finding no mandate for treatment of plaintiff's dental concerns, defendant Harris, in an attempt to ameliorate plaintiff, unsuccessfully attempted to schedule scalings three times to remove plaque and tartar that had built up on plaintiff's teeth. In light of this uncontroverted evidence, even if plaintiff's dental concerns amounted to serious medical needs, no reasonable jury could find that defendant Harris was deliberately indifferent to plaintiff's medical needs. Therefore, defendant Harris' motion for summary judgment is GRANTED, and plaintiff's claims against defendant Harris in his individual and official capacities are dismissed.

## CONCLUSION

For the foregoing reasons and for reasons more fully set forth in the memoranda of law filed by defendants Florence, Finn, Imam, and Harris:

    1. Defendant Florence's motion to dismiss, [D.E. #58], is GRANTED;

---

[2] Although plaintiff was housed at the prison facility over the course of seven months, he was housed at a different facility for three of the interim months during that span of time.

2. Defendants Timothy Finn and Dr. Abdul Foiz M. Hossain Imam's motion to dismiss, [D.E. #69], is GRANTED; and

3. Defendant Harris' motion for summary judgment, [D.E. #82], is GRANTED.

Plaintiff's claims against defendants Florence, Finn, Imam, and Harris are DISMISSED. The clerk is directed to terminate these defendants from the case.

This 23rd day of September 2015.

*Malcolm J. Howard*
Senior United States District Judge

At Greenville, NC
#34