IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CT-3173-H

| | |
|---|---|
| ROBERT S. CHAMBERLAIN,<br>    Plaintiff,<br><br>    v.<br><br>SGT. SUGGS, ASST. UNIT<br>MANAGER WATSON, LT. RAYNOR,<br>LT. GRIFFIN, C/O HUNTER, C/O<br>WELCH, SGT. YOUNG, C/O<br>CHRISTIAN, and SHEMINSKI<br>JONES,<br>    Defendants.[1] | **ORDER** |

This matter is before the court on defendants Sgt. Suggs, Asst. Unit Manager Watson, Lt. Raynor, Lt. Griffin, C/O Hunter, C/O Welch, Sgt. Young, C/O Christian, and Sheminski Jones' Motion for Summary Judgment. [D.E. #91]. The clerk sent a Roseboro Letter to plaintiff on September 28, 2015. Plaintiff has not filed a response, and the time for filing a response has expired. This matter is ripe for adjudication.

## BACKGROUND

Plaintiff complains of violations committed by defendants while he was formerly incarcerated as a pretrial detainee at Central Prison in Raleigh, North Carolina. In his amended

---

[1] Defendants Mr. Harris, Timothy Finn, Lori Florence, and Dr. Abdul Foiz M. Hossain Imam were terminated as parties to this matter following this court's September 23, 2015, order dismissing plaintiff's claims against them. "Defendants" as used herein shall refer only to the movants in the instant motion for summary judgment, who constitute all remaining defendants in this matter.

complaint, plaintiff alleges he suffered various injuries as a result of excessive force and deliberate indifference to his medical needs by defendants. The court incorporates relevant parts of the factual summary found in its September 23, 2015, order related to plaintiff's allegations in this case. Defendants now move for summary judgment.

## COURT'S DISCUSSION

Summary judgment is appropriate pursuant to Rule 56 of the Federal Rules of Civil Procedure when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Summary judgment is not a vehicle for the court to resolve disputed factual issues. Faircloth v. United States, 837 F.Supp. 123, 125 (E.D.N.C. 1993). Instead, a trial court reviewing a

2

Case 5:14-ct-03173-H Document 107 Filed 04/13/16 Page 2 of 4

claim at the summary judgment stage should determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249.

In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. The evidence must also be such that a reasonable jury could return a verdict for the non-moving party. Id. at 248. Accordingly, the court must examine "both the materiality and the genuineness of the alleged fact issues" in ruling on this motion. Faircloth, 837 F.Supp. at 125.

The court has carefully reviewed the entire record in this matter, including the complaint, the motion and memorandum in support of defendants' motion for summary judgment, and the supporting affidavits. The court finds the memorandum in support of summary judgment to be thorough and well-reasoned. Furthermore, the court notes plaintiff has come forward with nothing to dispute the version of the facts submitted by defendants via affidavits. Therefore, the court finds no genuine issues of material fact exist and that, for the reasons stated in defendants' memorandum, defendants are entitled to judgment as a matter of law.

3

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment, [D.E. #91], is GRANTED. The clerk is directed to close this case.

This 13th day of April 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

4